Betty Lou GRINNING *v.* CITY of PINE BLUFF

CR 94-964                                    907 S.W.2d 690

Supreme Court of Arkansas
Opinion delivered October 9, 1995

46

William M. Howard, Jr., for appellant.

Winston Bryant, Att'y Gen., by: J. Brent Standridge, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Betty Lou Grinning, appeals the order of the Jefferson County Circuit Court convicting her of disorderly conduct and refusal to submit to arrest and fining her $100.00 and $500.00, respectively. She raises two points for reversal of the order: that the trial court erred in overruling her objection based on *Batson* v. *Kentucky*, 476 U.S. 79 (1986), and that she was deprived of her right to a jury trial because she was tried by a jury composed of only six members. The Arkansas Court of Appeals certified this case to this court pursuant to Ark. Sup. Ct. R. 1-2(d)(2) as involving a legal principle of major importance. We find merit to appellant's argument that she was deprived of her right to be tried by a twelve-member jury and therefore reverse and remand.

After *voir dire*, the trial court stated, "[f]or the edification of the jury, these charges today are misdemeanor charges, or actually under the statute we call them non-felony, which means that we can utilize pursuant to a 1993 enactment of the legislature a six-person jury." Appellant did not object to the utilization of a six-member jury, nor did she challenge the legislation to which the trial court alluded, presumably Act 592 of 1993. In fact, after the foregoing statement by the court, there was no further discussion of the jury issue by the court, the prosecutor, appellant, or appellant's counsel.

On appeal, appellant argues for the first time that the Constitutions of the United States and the State of Arkansas entitle her to be tried by a twelve-member jury. She relies upon *Byrd* v. *State*, 317 Ark. 609, 879 S.W.2d 435 (1994), for reversal, and cites *Calnan* v. *State*, 310 Ark. 744, 841 S.W.2d 593 (1992), and *Winkle* v. *State*, 310 Ark. 713, 841 S.W.2d 589 (1992), for the proposition that the right to jury trial is not subject to the contemporaneous objection rule such that she may raise this argument for the first time on appeal.

We first consider appellant's argument pursuant to the United States Constitution. The United States Supreme Court has held that a twelve-member panel is not a necessary ingredient of the Sixth Amendment right to trial by jury, made applicable to the states through the Fourteenth Amendment. *Williams* v. *Florida*, 399 U.S. 78, 86 (1970). The United States Court of Appeals for the Eighth Circuit applied the *Williams* holding to

criminal prosecutions in state courts and stated, "[t]here is no federal rule binding the state courts to use a twelve-member jury in state criminal prosecutions. The state courts are bound by their own sets of criminal procedure rules." *Vinston* v. *Lockhart*, 850 F.2d 420, 424 (1988). As appellant was tried in state court for a state crime, there are no federal issues presented here.

Accordingly, we turn to appellant's argument pursuant to the Arkansas Constitution. Appellant relies primarily on Ark. Const. art. 2, § 7, consistently applied by this court in criminal cases, which states in pertinent part: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law[.]"

After appellant was tried, but before this appeal was submitted to us, this court decided *Byrd*, 317 Ark. 609, 879 S.W.2d 435, in which this court held that Act 592 of 1993, codified at Ark. Code Ann. §§ 16-32-202, -203 (Repl. 1994), which provides for a jury of six persons in non-felony cases at the judge's discretion, violated Ark. Const. art. 2, § 7. This court stated in *Byrd* that the art. 2, § 7 guarantee of a defendant's right to a jury trial meant the right to be tried by a twelve-member jury and that such right must be waived by the defendant "in the manner prescribed by law." Thus, the *Byrd* Court concluded that Act 592 violated art. 2, § 7 by effectively eliminating the waiver requirement and leaving the matter to the judge's discretion.

Since Act 592 was declared unconstitutional, sections 16-32-202 and -203 remained viable as they existed prior to the enactment of Act 592. *Byrd*, 317 Ark. 609, 614, 879 S.W.2d 435, 438. Prior to Act 592, section 16-32-202 provided for trial by jury of less than twelve members only upon agreement of the parties. Rules 31.1 through 31.5 of the Arkansas Rules of Criminal Procedure establish the process by which a defendant may waive his right to trial by jury. According to those rules, except in misdemeanor cases where only a fine is imposed by the court, a defendant must waive his right personally either in writing or in open court and the waiver must be assented to by the prosecutor and approved by the court; a verbatim record of the waiver is required.

Our case law has been clear for more than a century

that a defendant's failure to object to the denial of the right to trial by jury does not constitute a waiver of that right. *Warwick v. State*, 47 Ark. 568, 2 S.W. 335 (1886). In every criminal trial where there is a right to trial by jury, the court should proceed as if there will be a jury trial, and it is the court's burden to ensure that, if there is to be a waiver, the defendant waives her right to trial by jury in accordance with the Arkansas Constitution and Rules of Criminal Procedure. *Calnan*, 310 Ark. 744, 841 S.W.2d 593. In short, there was no waiver in this case in the manner prescribed by law, and appellant's case must therefore be reversed and remanded.

The state contends that appellant has not preserved her argument for appellate review. We must reject the state's responsive argument on the basis of the *Winkle* case. The facts of *Winkle* are remarkably similar to the present case. In both cases, neither the appellants nor their counsel objected to the violation of their jury trial right. In *Winkle*, this court stated that denial of the right to trial by jury in a criminal case, without the requisite waiver in accordance with the law, is a serious error for which the trial court should intervene, and is therefore an exception to the contemporaneous objection rule. *Winkle*, 310 Ark. 713, 717, 841 S.W.2d 589, 591 (citing *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980)).

The state contends *Winkle* is distinguishable from the present case because it involved a bench trial instead of a trial by jury. We find *Byrd* forecloses the possibility of affirming this case based on the state's asserted distinction. *Byrd* states unequivocally that art. 2, § 7 clearly contemplates that the right to trial by jury means a right to trial by a twelve-member jury. *Byrd*, 317 Ark. 609, 612, 879 S.W.2d 435, 437.

The state cites *Ford v. State*, 222 Ark. 16, 257 S.W.2d 30 (1953), in support of its contention that the contemporaneous objection rule applies to this case. It is true, as the state contends, that *Ford* did dispose of the twelve-member jury argument by applying the contemporaneous objection rule. However, that rule was applied in *Ford* in the context of an invited error, inasmuch as Ford not only failed to object to being tried by a jury of less than twelve members, but agreed in open court to be so tried. There was no such agreement or waiver by appellant in the

present case. Finally, two civil cases cited by the state as inconsistent with the result we reach today are not so. In *Venable* v. *Becker*, 287 Ark. 236, 697 S.W.2d 903 (1985) and *Mode* v. *Barnett*, 235 Ark. 641, 361 S.W.2d 525 (1962), this court found that valid waivers occurred in the manner prescribed by law; specifically, in the manner prescribed by ARCP Rule 38 and the former statute which Rule 38 superseded, Ark. Stat. Ann § 27-1743.

■ Therefore, we conclude, given the absence of a waiver, appellant's argument that she was denied her right to trial by jury may be raised without a contemporaneous objection. We are well aware of the view expressed by the state that some abuse of the criminal justice system could result from our construction of the Arkansas Constitution and the Arkansas Rules of Criminal Procedure. However, as the Arkansas Court of Appeals recently and accurately observed, "this may be the price the judicial system must pay to ensure that a defendant is not deprived of his fundamental constitutional right to a trial by jury." *Reaser* v. *State*, 47 Ark. App. 7, 11, 883 S.W.2d 851, 854 (1994).

■ As for appellant's *Batson* argument, we first observe that the record is insufficient to demonstrate error. We do not presume error, and it is therefore appellant's burden to produce a record sufficient to demonstrate error. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987). The record on appeal is confined to that which is abstracted. *Id.* The failure of the record to demonstrate error is perhaps due to the lack of attention that was given the *Batson* challenge by the parties and the trial court. Appellant's counsel created confusion by using the term "jury pool" loosely. The record does not clearly indicate whether counsel was referring to the venire or the petit jury that tried this case. The prosecutor's proffered racially-neutral explanation of "past performance" is painfully lacking in detail. The trial court's cursory disposition of appellant's challenge completely overlooked one juror the state had struck. Most importantly, the record does not disclose the total number of African-American jurors in the venire, the number of African-Americans who were seated on the petit jury, and whether any questions were asked during *voir dire*, be they racially-based or racially-neutral.

The order of conviction is reversed, and the case is remanded for a new trial.

JESSON, C.J., GLAZE and BROWN, JJ., dissent.

TOM GLAZE, Justice, dissenting. Grinning relies on *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992) and *Winkle v. State*, 310 Ark. 713, 841 S.W.2d 589 (1992) in arguing that the contemporaneous objection rule is inapplicable. I disagree. Both *Calnan* and *Winkle* involve cases in which no jury was provided. The court in *Calnan* relied in part on an exception to the contemporaneous objection rule, which allows for an exception when a trial court should intervene on its own motion to correct a serious error. The serious error was the total absence of a jury; that simply is not the issue in the case before us here. In both *Winkle* and *Calnan* an issue addressed was whether there had been a waiver of the right to a jury trial. The issue here simply does not go so far. We should affirm.

JESSON, C.J., and BROWN, J., join this dissent.