Opal Jean McCOY *v.* STATE of Arknsas

CA CR 97-513 962 S.W.2d 822

Court of Appeals of Arkansas
Division II
Opinion delivered February 18, 1998

*Alvin D. Clay*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

SAM BIRD, Judge. Appellant Opal Jean McCoy was found guilty of robbery and sentenced to fifteen years in the Arkansas Department of Correction with five years suspended. On appeal she argues only that she was denied her inviolate right to trial by jury. We agree, and, therefore, reverse and remand for a new trial.

Appellant was charged with robbery after a shoplifting incident in which she allegedly threatened the store security associate with a sharp object in an attempt to escape apprehension and fought with a police officer who was trying to subdue and handcuff her. The record contains a document signed by appellant, dated and filed on February 18, 1997, entitled "Acknowledgment," in which appellant stated that she had been advised by counsel that the State had offered a plea agreement and that she had turned it down. The last sentence of the document states, "That I have been advised by my attorney that it would be in my best interest to accept the plea bargain agreement, but that I decline to do so, and wish to go forward with my right to a jury trial." In black fountain-pen-type ink the word "jury" is struck through with a line and the word "Bench" is written in cursive handwriting above it. The only issue on appeal is whether this clause in the last sentence of the "Acknowledgment" is sufficient to waive a jury trial.

 The Arkansas Constitution, article 2, section 7, provides, "The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law." A waiver is the intentional relinquishment of a known right. *Johnson v. Zerbst*, 304 U.S. 458 (1938); *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992); *Winkle v. State*, 310 Ark. 713, 841 S.W.2d 589 (1992); *Reaser v. State*, 47 Ark. App. 7, 883 S.W.2d 851 (1994); *Duty v. State*, 45 Ark. App. 1, 871 S.W.2d 400 (1994). For a waiver to exist, there must be a "voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered." *Duty, supra; Franklin and Reid v. State,*

251 Ark. 223, 229, 471 S.W.2d 760, 764 (1971). Furthermore, the waiver of a jury trial must be knowingly, intelligently, and voluntarily made, and such must be demonstrated on the record or by the evidence. *Duty, supra.*

 The Arkansas Rules of Criminal Procedure are explicit in what must be done for a defendant to waive a jury trial in order to ensure that she has knowingly, intelligently, and voluntarily waived her constitutional right to a trial by jury. Rule 31.1 provides that "[n]o defendant in any criminal cause may waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court." Rule 31.2 provides that a defendant who desires to waive his right to trial by jury, "may do so either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant," and a "verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved." *See Medlock v. State,* 328 Ark. 229, 942 S.W.2d 861 (1997).

 It is the trial court's burden to ensure that, if there is to be a waiver, the defendant waives her right to trial by jury in accordance with the Arkansas Constitution and Rules of Criminal Procedure. *Grinning v. City of Pine Bluff,* 322 Ark. 45, 907 S.W.2d 690 (1995). Criminal cases that require a trial by jury must be so tried unless (1) waived by the defendant, (2) assented to by the prosecutor, and (3) approved by the court. The first two requirements are mandatory before the court has any discretion in the matter. *Calnan, supra; Fretwell v. State,* 289 Ark. 91, 708 S.W.2d 630 (1986). The only way a defendant may waive the jury-trial right is by personally making an express declaration in writing or in open court. *Calnan, supra.* The denial of the right to a jury trial is a serious error for which the trial court should intervene and is an exception to the contemporaneous-objection rule. *Collins v. State,* 324 Ark. 322, 920 S.W.2d 846 (1996).

 There is absolutely nothing in the record in the instant case to indicate that appellant waived her right to a jury trial, that the prosecution even discussed the waiver of a jury trial with appellant, much less assented to it, or that any waiver was approved

by the court. Appellant had a discussion with the trial judge about the "Acknowledgment," and admitted that she had signed it. She complained to the judge that she had not had adequate time to ponder the plea offers referred to in the "Acknowledgment" and did not have sufficient time with her attorney to obtain answers to all her questions. But there was no discussion at all about the last sentence in the document, or whether, by striking through the word "jury" and writing in the word "bench," appellant intended to waive a jury trial. In fact, the record is silent as to whether that alteration had been made when appellant was discussing the document with the judge. The trial judge never asked appellant if she really intended to waive her right to a jury trial or inquired as to whether she had waived a jury knowingly, intelligently, and voluntarily. The "Acknowledgment" document that appellant signed was obviously not prepared for the express purpose of waiving a jury trial, and we cannot accept such a casual reference to appellant's wish "to go forward with my right to a bench trial" as the making of an express, knowing, intelligent, and voluntary waiver of such a fundamental and important constitutional right.

Reversed and remanded for new trial.

MEADS and ROAF, JJ., agree.