Velma Jane MAXWELL *v.* STATE of Arkansas

CA CR 00-626                                    41 S.W.3d 402

Court of Appeals of Arkansas
Division IV
Opinion delivered March 7, 2001

*Robert Jeffrey Connor*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Jeffrey A. Weber*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS Judge. Appellant Velma Jane Maxwell appeals her convictions in the Izard County Circuit Court of two counts of first-degree battery for which she received two consecutive ten-year prison sentences. These charges stemmed from appellant's act of firing a shotgun that resulted in pellets hitting her neighbor, Mr. Ring, and his grandson whom he was holding. Her arguments for reversal are: (1) that the trial court abused its discretion in denying her motion to withdraw her waiver of a jury trial; and (2) that the trial court abused its discretion in allowing the prosecution to introduce into evidence appellant's responses to requests for admissions that she had given in a related civil action. We reverse and remand on both points.

■■ The Sixth Amendment to the United States Constitution provides that a criminal defendant shall have the right to a trial by jury but that this right can be waived if the defendant gives an express and intelligent consent to waiver. *Patton v. United States*, 281 U.S. 458 (1930). This jury-trial right is also preserved by article 2, § 10, of the Arkansas Constitution, which states that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law." A waiver is the intentional relinquishment of a known right. *Johnson v. Zerbst*, 304 U.S. 458 (1938). A knowing and intelligent waiver is proper when a capable person knows of her right to a jury trial and has adequate knowledge upon which to make an intelligent decision. *Duty v. State*, 45 Ark. App. 1, 871 S.W.2d 400 (1994); *see also Williams v. State*, 65 Ark. App. 176, 986 S.W.2d 123 (1999).

■■ In every criminal trial where there is a right to trial by jury, the court should proceed as if there will be a jury trial, and it is the court's burden to ensure that if there is a waiver, the defendant waives the right to trial by jury in accordance with the Arkansas Rules of Criminal Procedure. *Grinning v. City of Pine Bluff*, 322 Ark. 45, 907 S.W.2d 690 (1995). To waive a jury trial, a defendant must personally do so in writing or verbally in open court, the prosecutor must assent, and the trial court must approve. Ark. R. Crim. P. 31.1 (2000); *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992). As an alternative to the defendant personally waiving in writing or in open court, he may do so through counsel if the waiver is made in open court and in the presence of the defendant;

a verbatim record shall be made and preserved if the waiver is made in open court. Ark. R. Crim. P. 31.2. (2000). The manner of waiver is not specified by the constitution, any more than the manner of entering a plea of guilty is so specified. *See Griggs v. State*, 280 Ark. 339, 658 S.W.2d 371 (1983); *Smith v. State*, 264 Ark. 329, 571 S.W.2d 591 (1978). The record or the evidence must demonstrate that the defendant made a knowing, intelligent, and voluntary relinquishment of her right to a trial by jury. *Duty v. State*, 45 Ark. App. 1, 871 S.W.2d 400 (1994). After a valid waiver is accepted, it is within the trial court's discretion to decide whether to allow the defendant to withdraw the waiver prior to the commencement of trial. Ark. R. Crim. P. 31.5 (2000).

At a pretrial hearing on September 2, 1999, appellant's public defender was permitted to withdraw from the case after the trial court determined that appellant did not qualify for appointed counsel, having posted a $15,000 bond and there being evidence that she owned real property and a home in the county. Immediately thereafter, appellant requested on the record to waive a jury trial:

> DEFENDANT: Do I have to have a trial by jury? I don't have a choice in that.
>
> THE COURT: Well, you've got a right to a trial by jury. The only way around that is if you waive the jury trial and the State does too. Both of you would have to waive your right to a jury trial.
>
> PROSECUTOR: Or she can plead guilty or nolo.
>
> THE COURT: So right now you've got a right to a jury trial. There hasn't been any waiver of a jury trial by you or the State. So that, you know, it is set for a jury trial that week of September 20th. Is that — that's what you're requesting your right to a jury trial.
>
> DEFENDANT: No, to not have one.
>
> THE COURT: Well, you're wanting to waive a jury trial, is that right? You need to answer out loud.
>
> DEFENDANT: Yes, sir.
>
> THE COURT: What's the State's position on any —

> PROSECUTOR: She wants to waive a jury trial?
>
> THE COURT: Yes.
>
> PROSECUTOR: That's fine with the State.
>
> THE COURT: Okay. The State agrees to waive a jury trial. And are you doing this voluntarily? Are you waiving your right to a jury trial voluntarily?
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Is anybody applying any kind of force or pressure, making any threats to get you to waive this right to a jury trial?
>
> DEFENDANT: No, sir.
>
> THE COURT: Or is anybody making any promises to you —
>
> DEFENDANT: No, sir.
>
> THE COURT: — to get you to waive this right to a jury trial?
>
> Okay, Mrs. Maxwell, the Court finds that you have voluntarily, knowingly, and intelligently waived your right to a jury trial. And I'll schedule this for a bench trial then for — we don't have anything available that week. I think I've set something for November the 9th. So the Court — that's the next available date I've got for a bench trial. So the Court will schedule your case for a bench trial on November the 9th.
>
> DEFENDANT: Yes, sir.

Appellant initiated the waiver, and she was not coerced or urged to relinquish this right. However, appellant did not know what a bench trial was until after the trial judge had accepted her waiver and had immediately moved on to another motion. This was evident by her asking the trial judge to tell her what he meant by "bench trial," to which the trial judge responded:

> THE COURT: A bench trial is just a trial before the Judge. It'll be a trial before me to decide what the facts are instead of a jury deciding on what the facts are.

DEFENDANT: You just don't just get up there and say I'm guilty or not guilty, you present a case.

THE COURT: Right. The State will present their case and you can cross examine their witnesses and then present any evidence that you'd have in your own behalf.

DEFENDANT: I'll have witness [sic].

THE COURT: Yes, ma'am you'll need to bring your witnesses or subpoena those witnesses for that trial date.

DEFENDANT: Thank you.

Furthermore, there was some indication that appellant's ability to comprehend her right might be impaired, which was made known to the trial judge after he had accepted her waiver. Specifically, the public defender who had just been allowed to withdraw as appellant's counsel was still present in the courtroom, and she mentioned to the trial judge that she had been made aware that appellant had a mental condition and that the trial court might want to inquire. The trial court asked appellant if she had any mental condition, to which she responded that she had a depression anxiety, but that she hoped it would not prevent her from understanding what was going on in court. To clarify, the trial court asked her if she understood these proceedings, and she responded affirmatively. The trial court inquired no further.

A bench trial was set on the court's calendar, having been continued before at appellant's request. At a later date, appellant retained private counsel, who entered his appearance on October 4, 1999, and moved to withdraw appellant's waiver of a jury trial. The circuit court judge denied this request in an order filed on October 15, 1999. Trial was conducted on November 9, 1999, resulting in convictions on each count of battery.

The State contends that appellant gave a sufficiently knowing, voluntary, and intelligent waiver of the right to a jury trial and that the trial court did not abuse its discretion in denying her motion. Appellant disagrees, asserting that she did not knowingly and intelligently waive a jury trial and that this decision should not have been made without counsel. The voluntariness of her waiver is not in question. The first question on appeal is whether she waived that right knowingly and intelligently. Whether there was an intelligent, competent and self-protecting waiver of a jury trial by an

accused must depend upon the unique circumstances of each case. *Adams v. United States ex rel McCann*, 317 U.S. 269 (1942).

■ It is not required that such a waiver be accompanied by the advice of an attorney before a decision to waive a jury trial in order for that waiver to be "intelligent." *Id*. But, the view is generally taken that such a waiver must rest on an adequate preliminary statement of the trial court delineating the rights of the accused and the consequences of the proposed waiver with the implication, at least tacit, that the accused should reasonably comprehend her position and appreciate the possible effects of her choice. *See* 21A AM. JUR. 2d *Criminal Law* § 1082 (1998).

■ Though a pro se waiver may be legally effective, it has been also held that a withdrawal of a waiver of a jury trial should be granted when a defendant waives his or her right while not represented by counsel and, following employment of counsel by the defendant, he asks to rescind that waiver. *See People v. Melton*, 271 P.2d 962 (Cal. App. 1954); *State v. Williams*, 11 So.2d 701 (La. 1942); *Butler v. State*, 23 S.E. 822 (Ga. 1895); *Wilson v. State*, 4 S.E.2d 688 (Ga. App. 1939). A trial court should consider this fact when contemplating a motion to withdraw a prior waiver of the right to a jury trial. In addition, the trial court should consider such matters as the timeliness of the motion to withdraw and whether a delay of the trial will impede justice or inconvenience witnesses. *See People v. Melton, supra*; 21A AM. JUR. 2d *Criminal Law* § 1084 (1998).

■ We hold that the trial court abused its discretion in denying appellant's motion to withdraw her waiver in this instance because we are satisfied that the trial court (1) erred in concluding that appellant waived her right to a jury trial knowingly and intelligently in accordance with the Arkansas Rules of Criminal Procedure, and (2) abused its discretion in denying her motion for the additional reason that this motion was filed after appellant engaged private counsel who advised her that a jury trial was preferable, her motion was filed more than one month prior to trial, and no inconvenience to witnesses or to the administration of justice was demonstrated.

## Requests for Admissions

We address appellant's second point because this issue is likely to arise upon retrial. Appellant's second point on appeal is that the

trial court committed reversible error when it admitted into evidence appellant's discovery responses in the civil litigation regarding these same facts. The State does not entirely concede error on this point, but it argues that even if error occurred, it was harmless error such that no reversal would be warranted. We find merit in appellant's argument with regard to the evidentiary ruling, and hold that the error is reversible.

■ The State was charged with the burden of proving that appellant was guilty of first-degree battery, which defined in this context means, with the purpose of causing physical injury to another person, she caused physical injury to any person by means of a firearm. Ark. Code Ann. § 5-13-201(a)(7) (Repl. 1997). A person acts purposefully with respect to his conduct when it is her conscious object to engage in conduct of that nature or to cause such a result. *Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000). The fact that appellant twice fired a shotgun was not in dispute. The controversy centered on appellant's intent.

The responses to requests for admissions were filed in the civil circuit court action for damages pursued by her neighbors who were shot by appellant. The responses read:

> 1) Request for Admission No. 1: Admit or deny that on the 20th day of April, 1998, you pointed and fired a shotgun at Plaintiff, Verbal Ring, with the intent of shooting said plaintiff.
>
> Answer to Request for Admission No. 1: Admitted
>
> 2) Request for Admission No. 2: Admit or deny that on the 20th day of April, 1998, you pointed and fired a shotgun at the minor grandson of Plaintiffs, Verbal Ring and Diana Ring, guardians of Michael Ray Barkley, with the intent of shooting the Plaintiff's grandson, Michael Ray Barkley.
>
> Answer to Request for Admission No. 2: Denied

Appellant argues on appeal that admitting into evidence her responses was in violation of her Fifth Amendment right against self-incrimination, and that the ruling was directly contrary to Ark. R. Civ. P. 36.

■ We do not reach appellant's constitutional argument regarding the Fifth Amendment because it is raised for the first time on appeal. *See Woods v. State*, 342 Ark. 89, 27 S.W.3d 367 (2000). It

is well settled that appellant may not change the grounds for objection on appeal but is limited by the nature and scope of his objections and arguments presented at trial. *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998).

However, we agree, and the State appears to concede, that using appellant's requests for admissions against her in this criminal trial violated Ark. R. Civ. P. 36(b)(2000), which states in pertinent part that "[a]ny admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding." Though the Rules of Civil Procedure are not applicable to criminal proceedings, *see* Ark. R. Civ. P. 1 and 81, the information gained through this civil-discovery mechanism is self-limiting. A plain reading of the rule precludes their use in this criminal trial. Other courts have so held, and we are persuaded by them. *See, e.g., Gordon v. Federal Deposit Insur. Co.*, 427 F.2d 578 (D.C. Cir. 1970); *Hooker v. State*, 516 S.2d 1349 (Miss. 1987); *Antonio v. Solomon*, 41 F.R.D. 447 (D. Mass. 1966).

We will not reverse an evidentiary ruling in the absence of prejudice, *Clark v. State*, 323 Ark. 2111, 913 S.W.2d (1996), but we cannot conclude that this evidence was harmless. It was undisputed that appellant caused physical injury to two persons by firing a shotgun in their direction. The State's real task in this prosecution was to prove her mental state or level of intent, which is seldom capable of direct evidence but must often be inferred from the circumstances. *E.g., Stegall v. State*, 340 Ark. 184, 8 S.W.3d 538 (2000). This was the unusual circumstance of an accused providing direct evidence of intent, and is in essence a confession. It is evident that the admission of this evidence prejudiced appellant. The trial court, when rendering its findings of guilt, specifically found that her admissions affected the outcome of this trial:

> There's no question that Mrs. Maxwell caused physical injury to Verbal Ring and to Michael Barkley with a firearm. The element of whether she purposely caused physical injury to another person is the key element and the most contested element for the offense of battery in the first degree as to both counts.

> The Court finds that the State as to Count One has proved beyond a reasonable doubt each element of the offense of battery in the first degree. *The purpose is proved beyond a reasonable doubt by the admission contained in State's exhibit one wherein Mrs. Maxwell admitted that she pointed and fired a shotgun at Verbal Ring*; the direct testimony

of Mr. Ring; the evidence from the video tape; the testimony of Mrs. Maxwell that she went inside of her house and reloaded after the first shot; and the circumstantial evidence of the land dispute with Mr. Ring; the confrontation with Mr. Ring on the land in dispute just minutes before; and the testimony of Mrs. Maxwell that the confrontation upset up [sic] pretty bad; and also her testimony that she was a good shot with a shotgun establishes by direct and by circumstantial evidence her purpose to cause physical injury to Mr. Ring.

(Emphasis added.) Therefore, this error requires reversal as well.

We reverse and remand for a new trial.

BIRD and ROAF, JJ., agree.