Howard DAVIS *v.* STATE of Arkansas

CA CR 02-564                                         97 S.W.3d 921

Court of Appeals of Arkansas
Division I
Opinion delivered February 12, 2003

*Phyllis J. Lemons*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Howard Davis was convicted in Rockport City Court for driving while intoxicated, second offense, and for failing to dim lights. He appealed to the Hot Spring County Circuit Court and was tried without a jury. The trial judge found him not guilty of failing to dim lights but found him guilty of the DWI charge. Davis was sentenced to seven days in jail and a fine of $1,135, his driver's license was suspended for six months, and he was ordered to attend driver-safety school and AA meetings. On appeal Davis contends that the trial court deprived him of his right to a jury trial; the State concedes error. We reverse and remand for a new trial.

The following colloquy occurred at the beginning of Davis's trial in the Hot Spring County Circuit Court.

> THE COURT: All right. Are y'all going to work on a plea agreement or are you ready to try it?
>
> MR. WALTHALL (PROSECUTOR): I thought we were here to try it. Am I right?
>
> MS. LEMONS (DEFENSE COUNSEL): Yeah.
>
> THE COURT: Everyone who is going to testify then, raise your right hands.
>
> *(All witnesses were sworn by the Court.)*
>
> THE COURT: Have a seat at the counsel table. Mr. Walthall, you may call your first witness.

The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right to a trial by

jury. The right of trial by jury is also preserved by Ark. Const. art. 2, § 10, which states that the right remains inviolate and extends to all cases at law. Article 2, section 7, of the Arkansas Constitution further directs that a jury trial may be waived by the parties in all cases in the manner prescribed by law.

A criminal defendant bears no burden of demanding a trial by jury under our constitution and law. *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992), quoting *Elmore v. State*, 305 Ark. 426, 809 S.W.2d 370 (1991) (holding that there was "no need for Elmore to demand or move for a trial by jury, much less obtain a ruling on the issue"). This assures that the jury-trial right is not forfeited by inaction on the part of a defendant, and the contemporaneous-objection rule is inapplicable to this circumstance. *Id.* It is the trial court's burden to ensure that if there is a waiver of the right to trial by jury, the defendant waives the right in accordance with the Arkansas Rules of Criminal Procedure. *Grinning v. City of Pine Bluff*, 322 Ark. 45, 907 S.W.2d 690 (1995); *Maxwell v. State*, 73 Ark. App. 45, 41 S.W.3d 402 (2001). Although there are no jury trials in municipal court, all appeals from judgments in municipal court are *de novo* to circuit court in order that the right of trial by jury remains inviolate. Ark. Code Ann. § 16-17-703 (Repl. 1999).

Rule 31.1 of the Arkansas Rules of Criminal Procedure states that a defendant in a criminal case may not waive a trial by jury unless the waiver is assented to by the prosecuting attorney and approved by the court. Additionally, Rule 31.2 specifies the following:

*Waiver of trial by jury: personal request.*

Should a defendant desire to waive his right to trial by jury, he may do so either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

Pursuant to the constitution and these two rules, a defendant is entitled to be tried by a jury without even making a motion: this

holding is the common-sense reading of the constitution and the rules of criminal procedure. *Winkle v. State*, 310 Ark. 713, 841 S.W.2d 589 (1992).

In *Reaser v. State*, 47 Ark. App. 7, 883 S.W.2d 851 (1994), we voiced our concern that the holdings in *Calnan* and *Winkle* could lead to an abuse of the criminal-justice system, noting that this construction of the Arkansas Constitution and Rules of Criminal Procedure could encourage a defendant to sit silently through a non-jury trial, wait to see if he might obtain a favorable decision, and only raise the jury-trial issue later if the non-jury trial resulted in a conviction. In *Reasor* we stopped short of holding that such an abuse had occurred, concluding that the judicial system perhaps must pay this price to ensure that a defendant is not deprived of the fundamental constitutional right to trial by jury.

■ Again, in the case at bar, we are concerned about what may be abuse of the criminal-justice system. While a defendant in a criminal case shall be afforded the right to a jury trial in every instance, it does not follow that an attorney representing such a defendant is relieved of the responsibilities imposed upon him or her by the Model Rules of Professional Conduct. For example, Rule 3.3 requires lawyers to be candid toward the tribunal. A comment to that rule provides, in part, that "[t]here are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation." Commentary, Model R. Prof'l Conduct 3.3. Rule 3.1 prohibits lawyers from bringing or defending a claim unless there is a non-frivolous basis for doing so. While a lawyer has a duty to use legal procedure to the fullest benefit of his client, the lawyer also has a duty "not to abuse legal procedure." Commentary, Model R. Prof'l Conduct 3.1.

In *Reaser*, when the court inquired whether the parties were ready for trial, defense counsel informed the court that his client desired a jury trial, but the court denied the request because counsel had failed to notify the court forty-eight hours before the trial, as required by a written notice that the court had earlier provided to defense counsel. In the present case, however, when the court inquired as to whether the parties were ready for trial, defense

counsel simply replied, "Yeah," making no mention of her client's desire for or right to a jury trial.

Counsel's simple statement to the trial court that her client desired a jury trial would have saved the time devoted to the non-jury trial by the trial court, prosecuting attorney, defense counsel, witnesses, and court reporter; the time devoted by the court reporter to the preparation of an appeal transcript, and the expense related thereto; the time and expense of defense counsel to abstract the record and prepare a brief;[1] the time and expense of the attorney general's office to respond; the time expended by deputy clerks of this court who received and filed all the documents; and the time devoted by three judges of this court to read the briefs and prepare an opinion on an issue so well settled that the State concedes error.

Of course, we are not permitted to assume that defense counsel knew, when the trial judge inquired if the parties were ready for trial, that her client wanted a jury trial.[2] Consequently, as in *Reaser*, we refrain from concluding that defense counsel in this case has abused the system. On the other hand, if counsel did know of her client's desire for a jury trial, we wonder how her failure to so advise the court does not violate the lawyer's responsibility to exercise candor toward the court and to refrain from abusing legal procedure as required by the Model Rules of Professional Conduct.

Nonetheless, our supreme court has made it abundantly clear that it is the duty of the trial court either to afford the defendant the right to a jury trial whether the defendant demands it or not, or to ensure that the defendant has properly waived this right. As the record contains no evidence that Davis was informed by the court of his right to be tried by a jury, or that he executed a knowing, voluntary, and intelligent waiver of this right, we hold

---

[1] The record indicates that defense counsel is court appointed. Consequently, all the expense related to this appeal, including attorney fees, is borne by the State.

[2] It is possible that appellant's desire for a jury trial developed and was communicated to his counsel only after his conviction and sentencing at the bench trial.

that he was deprived of his constitutional right to trial by jury. We therefore reverse and remand for a new trial.

Reversed and remanded.

VAUGHT and BAKER, JJ., agree.