Robert J. BURRELL  *v.*  STATE of Arkansas

CA CR 04-406                                          204 S.W.3d 80

Court of Appeals of Arkansas
Opinion delivered February 23, 2005

*Charles M. Duell*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

David M. Glover, Judge. The sole issue in this case is whether the appellant, Robert Burrell, was denied his right to a jury trial in a felony non-support case. We hold that he was denied his right to a jury trial, and we therefore reverse and remand the case for a new trial.

At appellant's arraignment on April 22, 2003, his counsel waived the reading of the information and entered a plea of not guilty on his behalf; however, there was no mention of whether the case would be tried by a jury or to the bench. At the pretrial hearing on August 14, appellant's counsel stated that they would just have a trial, and when the trial judge asked, "Bench or jury?" appellant's counsel responded, "We need to get this thing re-solved. You bet, a jury."

Appellant's trial date was September 8, 2003. When the trial judge called appellant's case, the judge stated, "I understand we're here for a bench trial," to which appellant's counsel responded, "That's correct, Judge." Prior to calling any witnesses, the prosecutor asked, "Being a bench trial, do we have — do we have phases?" Appellant's counsel made the following response, "No[t] really. We waive the second phase. I don't think you do." At that time, the prosecutor stated that he would offer the certified copies of appellant's prior convictions, and appellant's counsel remarked, "It's a bench trial, Judge. It really isn't going to make any difference." After this colloquy, the prior convictions were made part of the record, the State called its first witness, and the trial proceeded as a bench trial. At the conclusion of the trial, appellant was found guilty by the trial judge of non-support, a Class D felony. Appellant now brings this appeal, arguing that he was denied his right to a jury trial. We find merit in appellant's argument.

The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed . . . ." Article 2, section 7 of the Constitution of Arkansas mandates that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law." Rule 31.2 of the Arkansas Rules of Criminal Procedure provides:

> Should a defendant desire to waive his right to trial by jury, he may do so either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

"Waiver" is defined as "an intentional relinquishment of a known right." *Winkle v. State*, 310 Ark. 713, 716, 841 S.W.2d 589, 590 (1992) (citing *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "It is clear that presuming waiver of right to a jury trial from a silent record is impermissible. The record must demonstrate or evidence disclose that a defendant knowingly, intelligently, and understandingly waived his right to a jury trial and anything less is not waiver." *Williamson v. Lockhart*, 636 F. Supp. 1298, 1304 (E.D.

Ark. 1986) (citations omitted). In *Davis v. State*, 81 Ark. App. 17, 20, 97 S.W.3d 921, 922 (2003) (citations omitted), our court held:

> A criminal defendant bears no burden of demanding a trial by jury under our constitution and law. This assures that the jury-trial right is not forfeited by inaction on the part of a defendant, and the contemporaneous objection rule is inapplicable to this circumstance. It is the trial court's burden to ensure that if there is a waiver of the right to trial by jury, the defendant waives the right in accordance with the Arkansas Rules of Criminal Procedure.

In *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992), Erin Calnan was convicted in municipal court of DWI, disorderly conduct, violation of the implied-consent law, and speeding. She appealed to the circuit court, and in a *de novo* bench trial, she was convicted of all offenses except speeding. There was no mention of a jury trial by either party or by the trial court. After she was convicted, Calnan appealed, arguing that she had not waived her right to a jury trial. Our supreme court agreed and reversed and remanded the case, holding that although not raised below, a contemporaneous objection was not necessary to preserve the issue of denial of the right to a jury trial for appellate review.

On the same day the *Calnan* decision was handed down, the supreme court issued its opinion in *Winkle v. State*, 310 Ark. 713, 841 S.W.2d 589 (1992), which also dealt with the issue of whether the defendant waived his right to a jury trial. In that case, Winkle and his attorney received written notice that his case had been set for a bench trial on a certain date. The notice also advised the defendant that he had a right to a trial by jury instead of being tried by the court, and if he desired a jury trial, he had to file written notice at least ten days prior to the trial date or his right to a jury trial would be waived. Neither Winkle nor his counsel requested a jury trial, and no objection was made to proceeding with a bench trial.

After Winkle was convicted of DWI, third offense, and hindering apprehension, he appealed to the supreme court, arguing that the trial court had violated his right to a trial by jury. The supreme court agreed, holding that a contemporaneous objection was not required and citing with approval *Bussey v. Bank of Malvern*, 270 Ark. 37, 603 S.W.2d 426 (Ark. App. 1980), for the proposition that procedural rules regarding jury trials "should be interpreted so as not to give effect to dubious waivers of rights." *Winkle*, 310 Ark. at 717, 841 S.W.2d at 591.

In *Davis, supra,* the appellant was convicted in city court of DWI, second offense, and failure to dim his lights. He appealed to the circuit court, was tried without a jury, and was found guilty of DWI. Davis then appealed to this court, arguing that the trial court had deprived him of his right to a jury trial; the State conceded error, and this court reversed and remanded the case for a new trial.

In that case, the trial judge asked if the parties were working on a plea agreement. The prosecutor said that he thought they were there to try the case, to which the defense counsel responded, "Yeah." The witnesses were then sworn and the trial commenced.

In reversing and remanding the case for a new trial, this court held:

> [O]ur supreme court has made it abundantly clear that it is the duty of the trial court either to afford the defendant the right to a jury trial whether the defendant demands it or not, or to ensure that the defendant has properly waived this right. As the record contains no evidence that Davis was informed by the court of his right to be tried by a jury, or that he executed a knowing, voluntary, and intelligent waiver of this right, we hold that he was deprived of his constitutional right to trial by jury.

*Davis,* 81 Ark. App. at 22, 97 S.W.3d at 924.

The State relies upon our supreme court's cases of *Bolt v. State,* 314 Ark. 387, 862 S.W.2d 841 (1993), and *Johnson v. State,* 314 Ark. 471, 863 S.W.2d 305 (1993), to support its argument that appellant waived his right to a jury trial. However, the facts of those cases are distinguishable from the present case and do not support the State's contention that appellant waived his right to a jury trial.

In *Bolt,* the trial court informed the appellant of his rights at his arraignment, including the right to a trial by jury, and both appellant and his attorney signed a form that set forth, among other rights, appellant's right to a jury trial. On the day of trial, when the trial judge inquired if appellant was ready to proceed, his counsel replied, "We're ready, Your Honor, and at this time we would *formally waive* any requirement of a jury trial in this matter. We would proceed for the court to hear the case." (Emphasis added.) The trial judge found Bolt guilty and Bolt filed a motion for a new trial, arguing that he had not entered a waiver of his right to a trial by jury. The trial judge denied this motion, finding that Bolt had been present when his attorney had waived his right to a jury trial.

Bolt appealed this finding to our supreme court, which affirmed the trial court's denial of the motion for a new trial upon the finding that Bolt had waived his right to a jury trial. The supreme court differentiated Bolt's case from *Calnan, supra*, and *Winkle, supra*, because in both of those cases, "the record failed to show that either the defendants or their attorneys affirmatively waived the defendants' rights to a jury." *Bolt*, 314 Ark. at 389, 862 S.W.2d at 843. In *Bolt*, the court held that appellant "indisputably had been informed of his right to a jury, acknowledged it and was present in court when his attorney waived the right in open court on the record," *Id.* at 390, 862 S.W.2d at 843, and was therefore bound by his counsel's actions.

In *Johnson*, the appellant was convicted in municipal court of DWI and violation of the implied-consent law; he appealed to the circuit court, where in a *de novo* bench trial he was again found guilty of both offenses. On appeal to our supreme court, one of Johnson's contentions was that the circuit court failed to obtain a valid waiver of his right to a jury trial because the trial judge did not address him personally and obtain a knowing, intelligent, and voluntary waiver from him. In support of his argument, Johnson cited *Calnan, supra*, and *Winkle, supra*.

In rejecting Johnson's argument, our supreme court again distinguished those cases, noting that in both instances, neither the defendant nor his attorney asked for a jury trial or offered any objection to a bench trial, but that under the holding of *Elmore v. State*, 305 Ark. 426, 809 S.W.2d 370 (1991), a defendant is entitled to be tried by a jury without making such a motion, and "that a waiver of the right to a jury trial is constitutionally permissible only when it is made in accordance with the provisions of the rules of criminal procedure." *Johnson*, 314 Ark. at 474, 863 S.W.2d at 306.

In *Johnson*, the supreme court noted that the record was "far from silent on the question of waiver," and was "quite similar to the record in *Bolt*." *Id.* The record indicated that at the beginning of Johnson's bench trial, the trial judge acknowledged Johnson's presence, calling him by name, and during the defense counsel's closing argument, specifically asked, "As I understand it, the defendant in this particular case has waived his right to a jury trial," to which Johnson's counsel replied, "That's correct, Your Honor." Counsel then stated that it was a bench trial, and the trial judge again reiterated that he "just wanted to make it clear for the purpose of the record that [Johnson] waived [his] right to a jury trial in this case," to which counsel responded, "Right." In

holding that Johnson had waived his right to a jury trial, the supreme court stated that while nothing was said in the *Calnan* and *Winkle* cases "one way or the other about waiver during the trials" that in this case defense counsel had affirmed in open court that Johnson waived his right to a trial by jury.

In the present case, appellant's counsel initially asked for a jury trial at the pretrial hearing, and although counsel stated prior to the start of the trial that it was a bench trial, nothing was said about the defendant waiving his right to a jury trial. The record does not indicate whether appellant knew that he was entitled to a trial by jury if he so desired; even if he knew of this right, the record is also silent with regard to whether appellant wished to waive his right to a jury trial. It cannot be presumed from a silent record that appellant had knowingly, intelligently, and understandingly waived his inviolate right to a jury trial; therefore, we hold that appellant was denied his right to a jury trial.

Reversed and remanded for a new trial.

HART and NEAL, JJ., agree.