Jerry Lee MARSHALL *v.* STATE of Arkansas

CA CR 07-708                                      283 S.W.3d 597

Court of Appeals of Arkansas
Opinion delivered April 23, 2008

*Leah Lanford*, Christian Legal Service, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

D.P. MARSHALL JR., Judge. An eleven-person jury convicted Jerry Lee Marshall of maintaining a drug premises and delivering crack cocaine. At the start of trial, the circuit court seated twelve jurors and asked the parties if they would agree to try the case to these twelve jurors or their survivors. The prosecutor and Marshall's counsel both agreed. The court seated no alternates and the trial proceeded. During deliberations, it was revealed to the court that one of the twelve jurors was Marshall's second cousin. After she was questioned by the lawyers, the court excused her. Marshall then sought a mistrial because the jury no longer contained twelve people. The court denied the motion. Though Marshall also asserts error on an unrelated point, the main question presented is whether the circuit court made an error of law when it allowed the jury to continue deliberating and reach a verdict with only eleven members.

## I.

The right to a twelve-person jury is a fundamental right guaranteed by our State Constitution. *Collins v. State*, 324 Ark. 322, 327, 920 S.W.2d 846, 848 (1996). The Constitution says that this right is "inviolate" but may be "waived by the parties in all cases in the manner prescribed by law. . . ." Ark. Const. art. 2, § 7. The defendant in a criminal case may waive this right in several ways, including "through counsel if the waiver is made in open court and in the presence of the defendant." Ark. R. Crim. P. 31.2; *see also Johnson v. State*, 314 Ark. 471, 472, 863 S.W.2d 305, 306 (1993), *supplemental opinion denying rehearing*, 314 Ark. 478-A, 868 S.W.2d 42 (1993). The waiver-through-counsel provision came into this Rule by amendment in 1994 to reflect the holding in *Bolt v. State*, 314 Ark. 387, 862 S.W.2d 841 (1993). *In re Arkansas Rules of Criminal Procedure*, 317 Ark. App'x 649, 650 (1994).

■ In this case, we do not have a waiver of a jury in favor of a bench trial. *Compare Burrell v. State*, 90 Ark. App. 114, 114-15, 204 S.W.3d 80, 81 (2005). We have an agreement to start with a twelve-person jury and end with however many of those jurors survived to reach a verdict, thus eliminating the need for alternate jurors. This agreement between counsel was definite. After the circuit court seated the twelve-person jury and no alternates, this exchange occurred:

> THE COURT: All right. Can we agree to try this case to these twelve or their survivors?

[PROSECUTOR]: That's fine with The State, Your Honor.

[MARSHALL'S LAWYER]: Yes, Your Honor.

Marshall was present. Later, when Marshall's counsel sought a mistrial after the circuit court had excused the cousin juror, he said "[w]e understand that we agreed to try the case to whatever jurors survived," and then tried to backtrack on that agreement. Because Rule 31.2 and *Johnson* would have allowed the defendant to waive a jury entirely in these circumstances, we hold that they allowed the parties' agreement: a twelve-person jury without alternates and a verdict by all the surviving jurors.

This case is unlike *Grinning v. City of Pine Bluff*, 322 Ark. 45, 47, 907 S.W.2d 690, 691 (1995). There a six-person jury was seated — with no waiver or agreement — pursuant to a statutory procedure for a six-person jury that was later ruled unconstitutional. 322 Ark. at 47-48, 907 S.W.2d at 691. This case did not start with half a jury; it started with the agreed possibility of a verdict by less than the original twelve.

Nor does our decision in *Davis v. State*, 81 Ark. App. 17, 97 S.W.3d 921 (2003) control. First, *Davis* is a jury/non-jury case, not a no-alternates case. Second, and more importantly, counsel there responded "yeah" when the circuit court asked if the parties were ready for trial, and then counsel said nothing when the court proceeded with a bench trial. 81 Ark. App. at 19, 97 S.W.3d at 922. Unlike in this case, no exchange on the record about a jury occurred. *Davis* is thus in the *Collins* line of cases: silence can never waive the defendant's right to a twelve-person jury. Finally, the clear prescription of Rule 31.2, not *Davis*'s concluding words about the defendant making a knowing and intelligent waiver, governs this case. 81 Ark. App. at 22-23, 97 S.W.3d at 924. Under the Rule, Marshall's acknowledged agreement — through his lawyer — for no alternates establishes, at least presumptively, that the defendant made a considered choice. If we had to inquire behind every Rule 31.2(2) waiver by counsel, and seek to discern the defendant's understanding of the issue no matter what his lawyer had said, then the Rule would be undone. The peculiar circumstances of this case present no occasion for any such extraordinary inquiry.

No precedent is exactly in point, but *Collins* is closest. There the circuit court asked if the State and the defendant would agree to try the case to the jury or however many of the twelve jurors

survived until the verdict. *Collins*, 324 Ark. at 325-26, 920 S.W.2d at 848. The State said "yes" and the defendant said nothing. *Ibid*. Collins's lawyer also said nothing. *Ibid*. In the face of this complete silence from the defendant's table, the circuit court proceeded and then allowed the trial to continue when one juror had to leave the trial because of a sick child. *Ibid*. The supreme court reversed in strong words, and rightly so. No waiver or agreement occurred.

This case is different. Marshall's lawyer — in the defendant's presence and in open court — agreed to the no-alternate procedure with the inherent possibility of a verdict by less than twelve. Marshall's lawyer confirmed his prior agreement when the circuit court excluded the cousin juror. Just as a defendant "cannot sit idly by while his counsel proceeds to waive his right to a jury[,]" *Tumlison v. State*, 93 Ark. App. 91, 99, 216 S.W.3d 620, 625 (2005), he cannot sit idly by while counsel agrees to a jury without alternates.

This defendant invited this alleged error. If Marshall had not agreed to start without alternates, then the circuit court could have seated some when the trial began. As the court said during the mistrial colloquy, Marshall had to know that his second cousin had been seated as a juror. Yet he let the matter go. Then, when the defect was discovered, he wanted a mistrial. Marshall thus created a win/win situation for himself: a possibly partisan juror and no available alternates, which might justify a mistrial. None of the reported cases involve this kind of conduct, which invited the problem that Marshall now complains about on appeal. *Clinkscale v. State*, 13 Ark. App. 149, 155-56, 680 S.W.2d 728, 732 (1984).

The right to a twelve-person jury is fundamental. But this is all the more reason that our law should not allow that right to be manipulated to make sure one gets either a corrupted jury or two trials.

## II.

Marshall argues one other point for reversal. He was charged with other crimes, including being a felon in possession of a firearm. These other charges were severed and tried later. (We recently affirmed Marshall's convictions for those crimes. *Marshall v. State*, CACR07-1090, slip op. (Ark. App. 19 March 2008)). No one reminded the circuit court about the severance, however, until it began to read the charges for the venire at the start of this trial on the drug-related charges. When the circuit judge said that

Marshall was also charged with being a felon in possession of a rifle, the prosecutor interrupted and said that the drug counts were "the only two counts that we will be trying." The circuit court told the jury that he did not have his "paperwork in proper order" and that the "last charge I was reading to you is not a charge." The court also instructed the jury to disregard his statements beyond the first two charges. After about ten transcript pages' worth of voir dire, Marshall sought a mistrial because the jury had been told inadvertently that he was a felon.

■ The circuit court did not abuse its discretion by denying this motion. Marshall waived this alleged error by not objecting at the first opportunity. *Smith v. State*, 330 Ark. 50, 53-54, 953 S.W.2d 870, 871-72 (1997). Moreover, the circuit court's prompt explanation and cautionary instruction adequately protected the defendant and cured any prejudice in the circumstances. *Williams v. State*, 338 Ark. 178, 191, 992 S.W.2d 89, 97 (1999).

Affirmed.

PITTMAN, C.J., BIRD, GRIFFEN and HEFFLEY, JJ., agree.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting. The majority acknowledges that the right to a twelve-person jury is a fundamental right guaranteed by Ark. Const. art. 2, § 7 and that this right to a twelve-person jury is "inviolate."

Our supreme court in *Grinning v. City of Pine Bluff*, 322 Ark. 45, 907 S.W.2d 690 (1995), discussed the court's decision in *Byrd v State*, 317 Ark. 609, 879 S.W.2d 435 (1994), in which the court held that Act 592 of 1993, codified at Ark. Code Ann. §§ 16-32-202 and 16-32-203 (Repl. 1994), which provides for a jury of six persons in non-felony cases at the judge's discretion, violated Ark. Const. art. 2, § 7. The court stated in *Byrd* that the article 2, § 7 guarantee of a defendant's right to a jury trial meant the right to be tried by a twelve-member jury and that such right must be waived by the defendant "in the manner prescribed by law." *Byrd*, 317 Ark. at 611, 879 S.W.2d at 436.

The manner proscribed by law for waiver of the right to a jury trial is found in Ark. R. Crim. P. 31.2, which provides:

> Should a defendant desire to waive his right to trial by jury, he may do so either (1) personally in writing or in open court, or (2)

through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

The provision providing for waiver through counsel was added to memorialize the holding in *Bolt v. State*, 314 Ark. 387, 862 S.W.2d 841 (1993). In *Bolt*, the supreme court held that "while a defendant who desires to waive his right to a jury trial under Rule 31.2 must do so either in writing or in open court, his or her attorney may also make such a waiver *so long as the defendant has acknowledged he or she had been informed of the right and the attorney waives the right in open court, on the record and in the defendant's presence.*" *Id.* at 390, 862 S.W.2d at 843 (emphasis added). Because the court found that Bolt had indisputably been informed of his right to a jury, acknowledged it, and was present in open court when his attorney waived the right on the record, his waiver was valid.

Unlike *Bolt*, nothing in the record in this case can support a finding that Marshall acknowledged that he had been informed of the right to a twelve-person jury and that his attorney waived that right in open court. The majority holds that appellant agreed "to try this case to these twelve or their survivors," explaining that this means that he agreed, through counsel, "to the no alternate procedure with the inherent possibility of a verdict by less than twelve." The problem with the majority's analysis is that there is no indication this "no alternate procedure" with its "inherent possibility" was explained to Marshall so that he could knowingly waive his right to a twelve-person jury or agree to try this case to *less than* twelve jurors. The right to trial by jury is a "fundamental constitutional right." *Grinning*, 322 Ark. at 50, 907 S.W.2d at 692. Counsel's consent to "try this case to these twelve or their survivors" is simply insufficient to meet the requirements for a knowing, intelligent, and voluntary waiver in the manner pre-scribed by law.

The defendant did not acknowledge he had been informed of the right to a twelve-person jury, and the question by the trial judge was insufficient to apprise Marshall that his attorney was agreeing to try the case to something less than the jury he is guaranteed by the Arkansas Constitution. Anything less than a knowing, intelligent, and voluntary waiver of a fundamental right is not a waiver. *Burrell v. State*, 90 Ark. App. 114, 204 S.W.3d 80 (2005). Whether there was an intelligent, competent, and self-protecting waiver of a jury trial by an accused must depend upon

the unique circumstances of each case. *Adams v. United States ex rel. McCann*, 317 U.S. 269 (1942). A waiver is the intentional relinquishment of a known right. *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992); *McCoy v. State*, 60 Ark. App. 306, 962 S.W.2d 822 (1998). For a waiver to exist, there must be a voluntary abandonment or surrender, by a capable person, of a right known by him/her to exist, with the intent that such right shall be surrendered. *McCoy, supra.* The waiver of the right to trial by jury must be knowingly, intelligently, and voluntarily made, and such must be demonstrated on the record or by the evidence. *Id.* It is not required that such a waiver be accompanied by the advice of an attorney before a decision to waive a jury trial in order for that waiver to be "intelligent." But, the view is generally taken that such a waiver must rest on an adequate preliminary statement of the trial court delineating the rights of the accused and the consequences of the proposed waiver with the implication, at least tacit, that the accused should reasonably comprehend his position and appreciate the possible effects of the choice. *Maxwell v. State*, 73 Ark. App. 45, 41 S.W.3d 402 (2001).

The majority judges conclude that Marshall invited error in this case. They are wrong. The defendant has no obligation to select jurors for the State. The defendant is not responsible for the misconduct of potential jurors in answering questions on voir dire. The defendant has no duty to ensure that his trial is conducted in accordance with the Arkansas Constitution. The defendant has no duty to demand a trial by jury. *Davis v. State*, 81 Ark. App. 17, 97 S.W.3d 921 (2003). Instead, it is the trial court's duty to ensure that, if there is to be a waiver, the defendant waives his right to trial by jury in accordance with the Arkansas Constitution and the Rules of Criminal Procedure. *Maxwell, supra; McCoy, supra.*

Appellant was convicted by an eleven-person jury. Appellant did not waive his right to a twelve-person jury.

I would reverse.