

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–675

| | |
|---|---|
| | **Opinion Delivered** April 2, 2014 |
| RAYMUNDO GUANA-LOPEZ<br>APPELLANT | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT [NO. CR 2012-136-1] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE TOM COOPER, JUDGE |
| | REVERSED AND REMANDED |

## BILL H. WALMSLEY, Judge

Appellant Raymundo Guana-Lopez appeals from his convictions for aggravated assault and second-degree battery by the Howard County Circuit Court. He was sentenced to an aggregate term of six years' imprisonment. On appeal, appellant argues that the trial court erred in denying his motions to dismiss and that he did not knowingly, intelligently, and voluntarily waive his right to a jury trial. We agree with appellant's second point and therefore reverse and remand.

There was testimony that appellant and Lorena Duran Anaya (Duran) had ongoing disputes over visitation with their daughter, M.J.R.D. (DOB: 9-30-2011). On November 22, 2012, Duran was traveling from DeQueen to Nashville with the infant to visit her boyfriend Nolberto Geurerra. Duran testified that she became frightened when she realized that appellant was following her in his car. Duran called Geurerra and told him that she was being followed by appellant. When Duran arrived at Geurerra's residence, Geurerra came outside

to confront appellant. According to Geurerra, he calmly approached appellant's car and asked to speak with appellant. There was evidence that appellant put his car in reverse, hit the car parked behind him, and then drove over Geurerra's foot. Jasmine Slayton, a neighbor, testified that she saw appellant's car as it spun out in a yard, went up the street, and then made a U-turn. According to Slayton, Duran appeared to be crossing the street to aid Geurerra. Slayton testified that she heard appellant as he "revved his engine" and then "squeal[ed] [the car's] tires." According to Slayton, appellant's car came at full speed in Duran's direction. Geurerra testified that he was standing at the edge of the road and that he was forced to jump out of the way to avoid being hit by appellant's car. Slayton testified that she saw Duran as she was struck by and "bounced" off appellant's car. According to Slayton, Duran had been standing in a ditch and was no longer on the street when she was hit.

The trial court denied appellant's motions to dismiss and found him guilty of committing aggravated assault upon Geurerra and second-degree battery as to Duran. The trial court sentenced appellant to three years' imprisonment on each conviction, with those sentences running consecutively.

## I. *Sufficiency of the Evidence* [1]

A motion to dismiss, identical to a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. *Brawner v. State*, 2013 Ark. App. 413, ___ S.W.3d ___. On appeal, the evidence is viewed in the light most favorable to the State, and the

---

[1]For double-jeopardy reasons, an appellate court considers a challenge to the sufficiency of the evidence before other points on appeal. *Proctor v. State*, 349 Ark. 648, 79 S.W.3d 370 (2002).

conviction is affirmed if there is substantial evidence to support it. *Id*. Substantial evidence is evidence that will, with reasonable certainty, compel a conclusion one way or another without resorting to speculation or conjecture. *Id*. It is within the province of the finder of fact to determine the weight of the evidence and the credibility of the witnesses. *Id*.

A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(1) (Supp. 2011). A person commits battery in the second degree if, with the purpose of causing physical injury to another person, the person causes physical injury to another person by means of a deadly weapon other than a firearm. Ark. Code Ann. § 5-13-202(a)(2) (Supp. 2011).

On appeal, appellant argues that the evidence was insufficient to support his convictions because there was no evidence of his intent to harm anyone. He did not admit to purposely hitting either victim, and no one testified that he had made any threats to harm either victim. With respect to Duran, there was no testimony that he was upset with her.

Because a criminal defendant's intent can seldom be proved by direct evidence, it must usually be inferred from the circumstances surrounding the crime. *Feuget v. State*, 2012 Ark. App. 182, 394 S.W.3d 310. Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his acts. *Murphy v. State*, 2011 Ark. App. 607.

There was evidence from which the trial court could reasonably conclude that

appellant engaged in purposeful conduct. Appellant made the decision to follow Duran. After being approached by Guererra, appellant could have avoided any further confrontation, yet he made a U-turn and drove toward the victims at full speed. There was testimony concerning "acceleration skid marks" on the street. Also, appellant fled from the scene after hitting Duran, which is evidence of guilt. *Smith v. State*, 2011 Ark. App. 162 (noting that appellant's flight and attempt to evade police were proper considerations in determining guilt). We hold that substantial evidence supports appellant's convictions.

## II. *Waiver of Jury Trial*

The Sixth Amendment to the United States Constitution provides that a criminal defendant has the right to a trial by jury. *Davis v. State*, 81 Ark. App. 17, 97 S.W.3d 921 (2003). The right of trial by jury is also preserved by Ark. Const. art. 2, § 10. Section 7 provides that the right remains inviolate and extends to all cases at law but that a jury trial may be waived by the parties in all cases in the manner prescribed by law. Ark. Const. art. 2, § 7. It is the trial court's burden to ensure that, if there is a waiver of the right to trial by jury, the defendant waives the right in accordance with the Arkansas Rules of Criminal Procedure. *Moten v. State*, 2011 Ark. App. 417. The record or the evidence must demonstrate that the defendant made a knowing, intelligent, and voluntary relinquishment of his right to a trial by jury. *Maxwell v. State*, 73 Ark. App. 45, 41 S.W.3d 402 (2001).

Under Arkansas Rule of Criminal Procedure 31.1 (2013), criminal cases that require a jury trial must be so tried unless (1) waived by the defendant; (2) assented to by the prosecutor; and (3) approved by the circuit court. Further, Rule 31.2 provides that a

SLIP OPINION

defendant may waive his right to a jury trial either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved. Ark. R. Crim. P. 31.2.

At a pretrial hearing held shortly before the scheduled jury trial, the following colloquy occurred in open court:

| [DEFENSE COUNSEL]: | We've agreed to waive a jury in this case, Judge. |
|---|---|
| THE COURT: | Y'all can decide what order you want to start Tuesday, but I'll also set this for bench trial the 9th, next Tuesday, at nine o'clock. |
| [DEFENSE COUNSEL]: | Yes, Your Honor. |
| [APPELLANT]: | Thank you, sir. |
| THE COURT: | I'll see you next Tuesday. |
| [DEFENSE COUNSEL]: | Thank you, Your Honor. |

On appeal to this court, appellant argues that the record does not indicate that there was any discussion about his right to a jury trial and the consequences of waiving that right.[2] We agree.

While the plain language of Rule 31.2 suggests that appellant effectively waived his right to a jury trial, our supreme court has interpreted the rule to require additional assurances that a defendant has waived his fundamental right to a trial by jury. In *Bolt v. State*, 314 Ark.

---

[2]Appellant may raise this issue for the first time on appeal. *Calnan v. State*, 310 Ark. 744, 841 S.W.2d 593 (1992).

387, 862 S.W.2d 841 (1993), our supreme court held that a defendant who seeks to waive his right to a jury trial may do so through his attorney in open court, on the record, and in the defendant's presence "so long as the defendant has acknowledged" that he was informed of the right. *Bolt*, 314 Ark. at 390, 862 S.W.2d at 843. Further, in *Maxwell*, *supra*, this court noted that

> the view is generally taken that such a waiver must rest on an adequate preliminary statement of the trial court delineating the rights of the accused and the consequences of the proposed waiver with the implication, at least tacit, that the accused should reasonably comprehend [his] position and appreciate the possible effects of [his] choice.

*Maxwell*, 73 Ark. App. at 52, 41 S.W.3d at 407 (citing 21A Am. Jur. 2d *Criminal Law* § 1082 (1998)). There was no specific acknowledgment by appellant that he understood the right that was waived by his attorney. Further, there is no indication in the record that the trial court made any attempt to ensure that appellant knowingly, intelligently, and voluntarily waived his fundamental right to a trial by jury. Accordingly, we reverse and remand.

Reversed and remanded.

GLADWIN, C.J., and WHITEAKER, J., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.