SLIP OPINION

Cite as 2014 Ark. App. 319

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–720

**Opinion Delivered** May 21, 2014

ERRICK HARRELL
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION
[NO. CR–10–2718]

HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE

AFFIRMED

## ROBIN F. WYNNE, Judge

Errick Harrell appeals from his convictions for murder in the first degree and possession of a firearm by certain persons. Appellant argues on appeal that the verdicts are not supported by substantial evidence. We affirm.

On April 13, 2010, Ismail Haqq was killed by a single gunshot to the head while he was sitting in the driver's seat of his vehicle near the intersection of 28th and Rock Streets in Little Rock. Appellant was arrested and charged with Mr. Haqq's murder in July 2010. At trial, Sherrie Raino, who lived on Rock Street, testified that she was sitting on a bench in her yard reading a book on April 13, 2010, when a car came down the street. When she first saw the vehicle, there were two people inside. Ms. Raino heard a gunshot, and the car came around a corner, hit a stop sign, and came to rest after hitting a fence. Ms. Raino testified that when the car stopped, there was only one person inside, who was later determined to be Mr.

Haqq. She did not see the face of either occupant of the vehicle.

Michael Robinson, who also lived on Rock Street, testified that he heard a noise on April 13, 2010, and when he went out to investigate, he saw a man walking down the street toward the expressway. Mr. Robinson testified that appellant looked like the man that he saw, although he stated several times during his testimony that he could not be 100-percent sure about the identification because the man he saw did not have facial hair and was wearing a "do-rag." Appellant wore a beard at the time of the trial. Detective Tommy Hudson testified that Mr. Robinson tentatively identified appellant out of a photographic line-up performed on June 9, 2010.

Officer David Prince testified that he responded to the scene of the shooting and saw a cell phone on the ground in the middle of the intersection near some tire marks. He estimated that the phone was approximately fifty feet from the vehicle. Photographs of the crime scene showed the phone on the ground just to the right of the tire marks. A DNA sample was collected from the phone. Melissa Myhand, the Chief Forensic DNA Examiner with the Arkansas State Crime Laboratory, testified that the results of testing on the sample indicated that appellant could not be excluded as a contributor to the DNA retrieved from the phone. Detective Kevin Smith testified that he checked the voicemail messages on the phone, and there were seven messages in which all of the callers asked for someone named Errick. Adam Wilson with the Arkansas State Crime Laboratory testified that there were notifications on the phone from a social-media website that were going to an account with the screen name "Maleover30." The profile picture on the account was identified as appellant

by Detective Tommy Hudson. Wanda Woods, whose phone number was found in the phone by the police, testified that she called the number assigned to the phone to get drugs from a man she knew as "Twin," whom she identified as appellant. Ms. Woods also testified that appellant was heavier and did not have facial hair in April 2010.

LaTonya Haqq, Mr. Haqq's widow, testified that Mr. Haqq left their home approximately one hour before the murder, telling her that he was going to go to the "south side" or "south end." She also testified that Mr. Haqq had previously come back from visiting the south side and had told her that he had been with a man he called "Twin" and another man he called "Little Hustler." Detective Hudson testified that when appellant was arrested he asked Hudson to tell Mrs. Haqq and her children that he was sorry, which the detective did not necessarily believe was a confession of guilt. Detective Hudson also testified that a report had been filed by a Detective Christian Sterka in which Detective Sterka indicated that he had been told by an unidentified individual that appellant had confessed to murdering someone at the intersection of 28th and Rock Streets. Dr. Frank Peretti with the Arkansas State Crime Laboratory testified that the bullet that killed Mr. Haqq entered his skull on the right side, where the front seat passenger would have sat. There was testimony that there were "gouges" or "divots" in the street that would possibly match the car's door. Appellant testified and admitted being in Mr. Haqq's car on the day of the murder. He stated that they went to a store and bought liquor together.

Appellant moved to dismiss at the close of the State's case, arguing that the State failed to prove that he was the one who shot Mr. Haqq. The motion was denied. Appellant

renewed his motion at the close of all of the evidence and the motion was denied again. The trial court, sitting without a jury, found appellant guilty of both charges and sentenced him to a total of 720 months' imprisonment.

A motion to dismiss, identical to a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. *Guana-Lopez v. State*, 2014 Ark. App. 204. On appeal, the evidence is viewed in the light most favorable to the State, and the conviction is affirmed if there is substantial evidence to support it. *Id.* Substantial evidence is evidence that will, with reasonable certainty, compel a conclusion one way or another without resorting to speculation or conjecture. *Id.* It is within the province of the finder of fact to determine the weight of the evidence and the credibility of the witnesses. *Id.* Circumstantial evidence, in order to be substantial and to support a conviction, must exclude every other reasonable hypothesis than that of the guilt of the accused; the question is for the finder of fact to decide. *See Rainer v. State*, 2012 Ark. App. 588.

Appellant argues on appeal that the evidence presented at trial was insufficient to prove that he was the individual who committed the murder of Ismail Haqq. We disagree. A cell phone containing messages for someone with the same first name as appellant, and notifications to a social–media account that had a photo of appellant as the profile picture was found beside tire marks that are in line with the path the vehicle followed before it crashed into the fence. There was evidence that the vehicle's passenger door was opened in the vicinity of the shooting. This point aligns with the medical examiner's testimony that the bullet entered Mr. Haqq's head from the right side. There was also testimony that two people

were in the car before the shot rang out and Mr. Haqq was found deceased. Appellant admitted that he was in the victim's vehicle the day of the murder. A man who looked like appellant was seen walking away from the vehicle after the shooting. There was testimony at trial indicating that appellant told someone that he had killed a man at the same intersection. Also, when appellant was arrested, he asked the arresting officer to tell the victim's family that he was sorry. While the evidence against appellant is circumstantial, we hold that, taken as a whole and viewed in the light most favorable to the State, the evidence was sufficient for the trial court to conclude without resorting to speculation or conjecture that appellant committed murder in the first degree while in possession of a firearm.

Affirmed.

WALMSLEY and HARRISON, JJ., agree.

*Lott Rolfe, IV*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.