Timothy Leron HESTER *v.* STATE of Arkansas

CA CR 07-250                                     267 S.W.3d 623

Court of Appeals of Arkansas
Opinion delivered November 7, 2007

*William R. Simpson, Jr.*, Public Defender, *Sandra S. Cordi*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Carolyn Boies Nitta*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Timothy Leron Hester was convicted in a bench trial of first-degree battery, and was sentenced as a habitual offender to thirty years in prison. Mr. Hester's sole argument on appeal is that the trial court erred in denying his request to withdraw his waiver of his right to be tried by a jury. We agree, and we reverse and remand.

On June 21, 2006, the State charged Mr. Hester with first-degree battery committed against Keith Cooley. A pretrial hearing was held on September 11, 2006, where the following exchange transpired:

> THE COURT: It looks like we're here for omnibus. Any motions?
>
> DEFENSE COUNSEL: No motions except waive a jury trial.
>
> THE COURT: Raise your right hand, Mr. Hester.
>
> THE COURT: Did you sign this jury waiver?
>
> APPELLANT: Yes, sir.
>
> THE COURT: You understand that you have a right to trial by jury and that by signing this document, you're waiving that right and electing to have a bench trial?
>
> APPELLANT: Yes, sir.
>
> THE COURT: You understand that I will determine both the facts and the law of the case and whether you're guilty or not guilty. And if I find you guilty, I will fix your sentence.
>
> APPELLANT: Yes, sir.
>
> THE COURT: Are you under the influence of alcohol or drugs?

APPELLANT: Pardon me?

THE COURT: Are you under the influence of alcohol or drugs?

APPELLANT: No, no, sir.

THE COURT: Have you read everything in this document and are you voluntarily waiving your right to a jury trial?

APPELLANT: Yes, sir.

THE COURT: Okay.

DEFENSE COUNSEL: I read that to him verbatim. One thing I'd like to state on the record is that I did advise him to keep his jury trial, but he wanted a judge trial.

THE COURT: Jury waived; bench trial date?

TRIAL ASSISTANT: October 13th.

THE COURT: At?

TRIAL ASSISTANT: Nine o'clock.

THE COURT: Okay, thank you.

DEFENSE COUNSEL: Your Honor, he's now telling me he wants to leave it as a jury trial.

THE COURT: I think at this point it's discretionary with me after I read him all that stuff and done all that. So I'm not giving him a jury trial. He waived it. Thank you.

The bench trial was held as scheduled on October 13, 2006. The State called three witnesses, which included the victim and two investigating officers. The victim, Mr. Cooley, testified that he was friends with Mr. Hester but that on May 18, 2006, Mr. Hester got angry with him because Mr. Hester wanted a ride home and Mr. Cooley refused to give him a ride. According to Mr.

Cooley, Mr. Hester stabbed him with a "kitchen steak knife," resulting in collapsed lungs and two days' hospitalization. The defense did not call any witnesses.

Mr. Hester argues on appeal that the trial court abused its discretion by not allowing him to withdraw his waiver of jury trial. A criminal defendant may waive his right to a jury trial if there is compliance with Ark. R. Crim. P. 31.2, which provides:

> Should a defendant desire to waive his right to trial by jury, he may do so either (1) personally in writing or in open court, or (2) through counsel if the waiver is made in open court and in the presence of the defendant. A verbatim record of any proceedings at which a defendant waives his right to a trial by jury in person or through counsel shall be made and preserved.

Mr. Hester concedes that his initial waiver of his right to be tried by a jury was valid. However, he contends that he should have been permitted to withdraw the waiver pursuant to Ark. R. Crim. P. 31.5, which provides:

> A defendant may not withdraw his voluntary and knowing waiver of trial by jury as a matter of right, but the court, in its discretion, may permit withdrawal of the waiver prior to the commencement of trial.

Mr. Hester notes that he made his request to withdraw his jury-trial waiver a month before the scheduled trial date, and only moments after the waiver was accepted by the trial court. Under these circumstances, appellant submits that his request for withdrawal was not made in bad faith or for purposes of delay, and that there was no showing that granting his request would have delayed the start of the trial or inconvenienced the State's witnesses.

A denial of a request to withdraw the waiver of a jury trial will be affirmed absent an abuse of discretion. *Maxwell v. State*, 73 Ark. App. 45, 41 S.W.3d 402 (2001). An abuse of discretion occurs when the trial court makes a judgment call that is arbitrary and groundless. *Smith v. State*, 90 Ark. App. 261, 205 S.W.3d 173 (2005). In the present case we hold that the trial court abused its discretion in denying Mr. Hester's motion to withdraw his waiver.

This case is unlike *Scates and Blaylock v. State*, 244 Ark. 333, 424 S.W.2d 876 (1968), where our supreme court affirmed when the motion to withdraw the jury-trial waiver was not made until

the date on which the trial was set, and the trial court denied the motion as being too late. In a more recent case, *Maxwell v. State, supra,* this court stated that the trial court should consider such matters as the timeliness of the motion to withdraw and whether delay of the trial will impede justice or inconvenience witnesses. In that case, we held that the trial court abused its discretion in denying Maxwell's motion to withdraw her waiver in part because her motion was filed more than one month prior to trial, and no inconvenience to witnesses or to the administration of justice was demonstrated.

We are also persuaded by cases from other jurisdictions. In *Thomas v. Commonwealth,* 238 S.E.2d 834, 835 (Va. 1977), the Virginia Supreme Court wrote:

> Whether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the trial court. The rule, as expressed in some cases, is that if an accused's application for withdrawal of waiver is made in due season so as not to substantially delay or impede the cause of justice, the trial court should allow the waiver to be withdrawn.

> The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circumstances of the individual case. Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely. In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial.

In *People v. Hamm,* 298 N.W.2d 896 (Mich. App. 1980), the appeals court recognized that a waiver should be strictly construed in favor of preservation of the sacred right to a jury trial. Relevant factors for the trial court include evidence of bad faith and the nature or extent of prosecutorial objection. *See People v. Miller,* 566 N.Y.S.2d 429 (N.Y. Sup. Ct. 1990). And in *State v. Cloud,* 393 N.W.2d 123 (Wis. App.

1986), the appellate court stated that the trial court's discretion in deciding a withdrawal motion is not unbridled and should be exercised liberally in favor of granting the defendant's right to a jury trial. Upon reviewing cases from other jurisdictions, that court wrote:

> Generally, the cases hold that if a defendant's motion to withdraw a jury waiver is made sufficiently in advance of trial so as not to interfere with the orderly administration of court business or to result in unnecessary delay, inconvenience to the witnesses, or prejudice to the state, the court should exercise its discretion to allow the defendant to have a jury trial. Decisions upholding the trial court's denial of a withdrawal motion made prior to trial are primarily based on the ground that granting withdrawal would have resulted in unreasonable delay or inconvenience.

*Id.* at 126 (citations omitted).

In the case at bar, Mr. Hester waived his right to a jury trial and then immediately changed his mind and decided to take his counsel's advice and request a trial by jury. There was no indication of any bad faith, and the prosecutor made no objection to appellant's request to withdraw the waiver. Moreover, given the timeliness of the withdrawal request, there was no indication that this would have caused any delay, inconvenience to witnesses, or prejudice to the State.

The State argues in its brief that because appellant offered no argument or explanation below in support of his request to withdraw the waiver, any supporting arguments raised on appeal are outside the scope of appellate review. We disagree. A trial by jury is perhaps the most basic of rights afforded an accused. *See Bartlett v. U.S.*, 354 F.2d 745 (8th Cir. 1966). A criminal defendant is not required to explain his decision for attempting to exercise this right, and under the circumstances presented before the trial court in this case its decision to deny appellant's withdrawal request was arbitrary and groundless, even in the absence of any accompanying argument by appellant. It appears that the trial court denied the request on the sole basis that there had been a valid waiver, and this was an abuse of discretion.

Reversed and remanded.

VAUGHT and BAKER, JJ., agree.