SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-805

| | |
|---|---|
| AGUSTIN RODRIGUEZ-GONZALEZ | **Opinion Delivered** April 2, 2014 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-12-741] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | AFFIRMED |

**DAVID M. GLOVER, Judge**

Agustin Rodriguez-Gonzalez was charged by criminal information in Sebastian County

Circuit Court with the offenses of rape (Count I) and sexual assault in the second degree

(Count II). The victim in both cases was his daughter, who was twelve years old at the time

of trial. A Sebastian County jury convicted him of two counts of sexual assault in the second

degree.[1] Rodriguez-Gonzalez was sentenced to the Arkansas Department of Correction for

---

[1]We note that Rodriguez-Gonzalez was originally charged with rape, but the jury convicted him of second-degree sexual assault. Sexual assault in the second degree is not a lesser-included offense of rape. *Joyner v. State*, 2009 Ark. 168, 303 S.W.3d 54. Nevertheless, the trial court, without objection from either Rodriguez-Gonzalez or the State, instructed the jury that sexual assault in the second degree was in fact a lesser-included offense of rape, and neither side raises this issue on appeal. Although the erroneous jury instruction resulted in Rodriguez-Gonzalez being convicted of a crime with which he was not charged, his remedy lay in a timely objection to the trial court and an appeal of any adverse ruling. *Hill v. Norris*, 2010 Ark. 287. As there was no objection, the parties have waived any issue with regard to

twenty years and fined $15,000 for each offense, with the sentences to be served consecutively. On appeal, Rodriguez-Gonzalez argues that the State failed to present sufficient evidence to support his conviction for sexual assault in the second degree as alleged in Count I. We affirm.

With regard to Count I, after the State's case-in-chief was presented, and the State had rested, the following motion was made:

> We would move for a directed verdict of acquittal. The basis of it would be not about the elements, but Arkansas has a specific provision under the statutes for incest, when someone is accused of having deviant sexual activity or intercourse with a child. That would be the statute that would apply to the facts of this case and we would move for a directed verdict on the count of rape, for that reason.

This motion was denied by the trial court.

On appeal, Rodriguez-Gonzalez argues that there was no testimony from a single witness that corroborated the victim's testimony; that the victim was not telling the complete truth or was being manipulated by someone because she testified that she did not remember previous statements that she had made; and that there was no proof that he had engaged in sexual contact more than once. None of these arguments were made to the trial court; therefore, they are not preserved for appeal.

Rule 33.1(a) of the Arkansas Rules of Criminal Procedure (2013) provides that, in a jury trial, a motion for directed verdict is to be made at the close of the State's evidence and

---

the erroneous instruction.

at the close of all of the evidence,[2] and it must state the specific grounds therefor. Subsection (c) of this rule dictates that failure to challenge the sufficiency of the evidence in the manner required constitutes a waiver of any question regarding the sufficiency of the evidence to support the verdict. In order to preserve a challenge to the sufficiency of the evidence, a defendant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Stidham v. State*, 2010 Ark. App. 278, 374 S.W.3d 246. In the present case, with regard to Count I, Rodriguez-Gonzalez failed to argue to the trial court that any specific element had not been proved by the State; instead, he argued that the State had charged him with the wrong crime—he should have been charged with incest rather than rape.[3] The sufficiency arguments he now makes are being raised for the first time on appeal, and such arguments raised for the first time on appeal cannot be addressed. *Id*.

Affirmed.

PITTMAN and VAUGHT, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

---

[2]Here, the defense did not present any evidence, so the directed-verdict motion made at the close of the State's case sufficed because no other evidence was presented.

[3]Rodriguez-Gonzalez also made a directed-verdict motion with regard to sexual assault, but it appears to have been made with regard to Count II. Even if that motion could have been attributed to Count I, the motion was, "I would also move for a directed verdict on the count of sexual assault, although I understand, I heard the testimony that was presented." This argument would also fail under *Stidham*, *supra*, for failure to advise the trial court of the specific element or elements that the State had failed to prove.