

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–617

| | | |
|---|---|---|
| JAMIE SHAWN MCCALL | APPELLANT | **Opinion Delivered** June 1, 2016 |
| V. | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. CR–13–845] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | | REVERSED AND REMANDED |

**RITA W. GRUBER, Judge**

Appellant Jamie S. McCall was convicted in a bench trial of aggravated assault and sentenced to ten years' imprisonment. The conviction arose from an altercation at McCall's apartment on August 9, 2013, during which McCall allegedly attacked the victim, George Scroggins, with a box cutter. McCall contends on appeal that the evidence was insufficient to convict him and that the trial court abused its discretion in denying his request to withdraw his waiver of a jury trial. We hold that the court abused its discretion in denying McCall's motion to withdraw his jury-trial waiver and, accordingly, we reverse and remand.

## I. *Sufficiency of the Evidence*

For his first point on appeal, McCall argues that the evidence is insufficient to sustain the aggravated-assault conviction. In order to challenge the sufficiency of the evidence on appeal from a bench trial, Rule 33.1 of the Arkansas Rules of Criminal Procedure requires a criminal defendant to move for a dismissal at the close of all of the evidence, stating the

specific grounds therefor. Ark. R. Crim. P. 33.1(b) (2015). In this case, at the close of all of

the evidence, the following colloquy took place:

> MCCALL [appearing pro se]: Your honor, I'd like to move for a directed verdict.
>
> COURT:      Based on?
>
> MCCALL:     Based on the conflicting testimony and on—I don't know if it is to you, but it's apparent to me that these people are prevaricating the truth to epic proportions.
>
> COURT:      Motion be denied. State have any rebuttal?

Because McCall failed to specify the respect in which the evidence was deficient, we

decline to reach the merits of the argument. In order to preserve a challenge to the sufficiency

of the evidence, a defendant must make a specific motion for a directed verdict that advises

the trial court of the exact element of the crime that the State has failed to prove.

*Rodriguez-Gonzalez v. State*, 2014 Ark. App. 208, at 3; Ark. R. Crim. P. 33.1(c). Merely

challenging the credibility of all of the State's witnesses, without specifying what element of

the offense the State has failed to prove, is not enough. *See, e.g.*, *Elkins v. State*, 374 Ark. 399,

402, 288 S.W.3d 570, 573 (2008) (holding directed-verdict motion not sufficiently specific

where it challenged "lack of credibility of any fact witnesses"). The reason underlying this rule

is that, when specific grounds are stated and the proof is pinpointed, the trial court can either

grant the motion or allow the State to reopen its case and supply the missing proof. *Matar v.*

*State*, 2016 Ark. App. 243, at 2. A further reason that the motion must be specific is that the

appellate court may not decide an issue for the first time on appeal and cannot afford relief

that is not first sought in the trial court. *Id.*



## II. *Withdrawal of Jury-Verdict Waiver*

For his second point on appeal, McCall argues that the trial court abused its discretion in denying his request to withdraw his waiver of his right to be tried by a jury. We agree, and we reverse and remand.

The Sixth Amendment to the United States Constitution provides that a criminal defendant shall have the right to a trial by jury but that this right can be waived if the defendant gives an express and intelligent consent to waiver. *Patton v. United States*, 281 U.S. 276 (1930). This right is also preserved by article 2, § 7, of the Arkansas Constitution, which states that "the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law." After a defendant waives the right to a jury trial, as McCall did here, it is within the trial court's discretion to decide whether to allow the defendant to withdraw the waiver prior to the commencement of trial. Ark. R. Crim. P. 31.5 (2015). We will not reverse a trial court's denial of a request to withdraw a waiver of a jury trial unless the court has abused its discretion. *Hester v. State*, 100 Ark. App. 234, 237, 267 S.W.3d 623, 625 (2007).

At a pretrial hearing on July 7, 2014, the court asked McCall—who at the time was represented by counsel—whether he wanted a jury trial or a bench trial. He answered, "I want a jury trial." McCall later requested the court to allow him to proceed pro se, which the court did on January 9, 2015. Then, at a pretrial hearing on January 12, 2015, the following exchange occurred:

THE COURT: Mr. McCall, I think I did you a disservice the other day. I don't think – you have complicated this case to the point that I think that for you to represent yourself would be a travesty. You need more assistance from Ms. Mason than I'd talked about the other day.

You have questions regarding the—some contradiction in potential testimony of witnesses who testified at a parole revocation hearing and those who testify in court; I am going to reverse my Order. Ms. Mason's gonna try this case because you have— this thing has ballooned and blossomed to the point that everywhere you step, you're gonna step on a land mine and the first thing you're gonna do is convict yourself. And I'm not—if you get convicted, it's gonna be because the jury finds you guilty, not because of something you—could have been avoided had you had professional and competent legal assistance. So, my order that you can represent yourself is being reversed.

. . . .

THE COURT: I am informed by Ms. Gary that we need to go back on the record on Mr. McCall before he is—leaves us; is that correct?

DEFENSE COUNSEL: Yes, Your Honor. Mr. McCall is now wishing for a bench trial and I think he wanted to address the Court as well.

MCCALL: If there's any way, Your Honor, that you'd let me represent myself at a bench trial.

PROSECUTOR: I don't have a problem with that, Judge. . . .

THE COURT: Mr. McCall, that's fine. If that's what you want to do. Now, you understand we have a waiver form that needs to be executed and I need to ask you some questions about it.

McCall then waived his right to a jury trial.

On January 23, 2015, McCall's motion to withdraw waiver of jury trial was filed with the trial court. The document was signed and notarized on January 17, 2015, five days after he had waived his right to a jury trial. In the motion, McCall alleged that his counsel had

4

advised him that the only way he might be allowed to represent himself was if he changed his request for a jury trial to a bench trial. Accepting this advice, he claimed that he had made a "hasty decision" to waive his constitutional right to a jury trial. He also stated that he would accept representation by a public defender if the court would allow him to have a jury trial. Without scheduling a hearing or obtaining a response from the State, the court denied McCall's motion on January 27, 2015, without explanation.

At a pretrial hearing on February 13, 2015, McCall again asked the court to consider allowing him to withdraw his waiver, stating, "I'd like—if there's any way I'd like to object to not being able to represent myself at a jury trial." The court said that McCall had already waived his right to a jury trial. McCall then asked whether, if he accepted counsel, he would be allowed to have a jury trial, to which the court replied, "No, sir, you waived your right to a jury trial." McCall appeared pro se at a bench trial on April 10, 2015, and was convicted by the court of aggravated assault.

When contemplating a motion to withdraw a prior waiver of a jury trial, a trial court should consider the timeliness of the motion to withdraw and whether a delay of the trial will impede justice or inconvenience witnesses. *Maxwell v. State*, 73 Ark. App. 45, 52, 41 S.W.3d 402, 407 (2001) (holding that the trial court abused its discretion in denying withdrawal where motion made after counsel advised previously pro se defendant that jury trial was preferable, motion filed more than a month before trial, and no inconvenience to witnesses or administration of justice was demonstrated).

In holding that the trial court had abused its discretion in denying a motion for

withdrawal in *Hester v. State, supra*, we relied on several cases from other jurisdictions. We cited *People v. Hamm*, 298 N.W.2d 896 (Mich. Ct. App. 1980), recognizing that a waiver should be strictly construed in favor of preserving the sacred right to a jury trial, and *State v. Cloud*, 393 N.W.2d 123 (Wis. Ct. App. 1986), stating that a trial court's discretion in deciding a withdrawal motion is not unbridled and "should be exercised liberally in favor of granting the defendant's right to a jury trial." *Hester*, 100 Ark. App. at 238–39, 267 S.W.3d at 626. We cited with approval a Virginia Supreme Court case holding that the timeliness of a motion for withdrawal made before commencement of trial depends primarily on the facts and circumstances of the individual case. *Id.* at 238, 267 S.W.3d at 626. "Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely." *Id.* (quoting *Thomas v. Commonwealth*, 238 S.E.2d 834, 835 (Va. 1977)). The trial court in *Hester* denied the defendant's motion to withdraw, which was made immediately after the defendant had waived his right to a jury trial. We reversed the trial court's denial, holding as follows:

> In the case at bar, Mr. Hester waived his right to a jury trial and then immediately changed his mind and decided to take his counsel's advice and request a trial by jury. There was no indication of any bad faith, and the prosecutor made no objection to appellant's request to withdraw the waiver. Moreover, given the timeliness of the withdrawal request, there was no indication that this would have caused any delay, inconvenience to witnesses, or prejudice to the State.
>
> The State argues in its brief that because appellant offered no argument or explanation below in support of his request to withdraw the waiver, any supporting arguments raised on appeal are outside the scope of appellate review. We disagree. A trial by jury is perhaps the most basic of rights afforded an accused. *See Bartlett v. U.S.*, 354 F.2d 745 (8th Cir. 1966). A criminal defendant is not required to explain his decision for attempting to exercise this right, and under the circumstances presented before the trial court in this case its decision to deny appellant's withdrawal request was arbitrary and

SLIP OPINION

groundless, even in the absence of any accompanying argument by appellant. It appears that the trial court denied the request on the sole basis that there had been a valid waiver, and this was an abuse of discretion.

*Id.* at 239, 267 S.W.3d at 627.

In the case at bar, McCall waived his right to a jury trial on January 9, 2015, immediately after the court reversed its position on whether McCall could proceed pro se. Then, less than two weeks later, McCall filed a motion to withdraw his waiver, even agreeing to give up his right to proceed pro se in order to secure a jury trial. With no response from the State and no explanation, the trial court denied the motion to withdraw four days later, on January 27, 2015. In a pretrial hearing on February 13, 2015, the trial court's only reason for again denying McCall's subsequent request to withdraw his jury-trial waiver was that McCall had already waived his right.

In considering a motion to withdraw a waiver of the right to a jury trial, a trial court must, at a minimum, consider the timeliness of the motion to withdraw, whether it will cause a delay of the trial, and whether, if so, a delay of the trial will impede justice or inconvenience witnesses. *See Maxwell, supra.* Here, it does not appear that the trial court considered anything other than the fact that McCall had already waived his right to a jury trial. Neither the court's order nor its oral explanation from a subsequent pretrial hearing mentions timeliness, delay, or inconvenience. The motion to withdraw was filed less than two weeks after McCall's waiver, almost a month before the scheduled bench trial, and over two months from the date that the trial actually occurred. Accordingly, we hold that the trial court abused its discretion in denying McCall's request solely because he had already waived his right to a jury trial.

Reversed and remanded.

GLADWIN, C.J., and KINARD, J., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.