

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–979

| | |
|---|---|
| | Opinion Delivered: June 21, 2017 |
| MARK DOUGLAS GRIFFIN<br>APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-15-446] |
| V. | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**KENNETH S. HIXSON, Judge**

Appellant Mark Douglas Griffin appeals after he was convicted by the Faulkner County Circuit Court of robbery, theft of property less than $1000, and interference with emergency communication in the second degree and sentenced to serve a total of 180 months in the Arkansas Department of Correction. Appellant's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4–3(k) (2016) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below, alleged to include all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last-known address informing him of his right to file pro se points for

reversal; however, he has not done so.[1]  Consequently, the attorney general has not filed a brief in response.  We grant counsel's motion to withdraw and affirm the convictions.

Appellant was arrested after an incident that occurred at Wal–Mart on June 9, 2015. Appellant was observed on camera taking several items while in the store.  When he was approached by two asset-protection associates, he became aggressive.  Eventually, appellant was arrested by law enforcement.

Appellant was charged by information with robbery, a Class B felony; theft of property less than $1000, a Class A misdemeanor; interference with emergency communication in the second degree, a Class B misdemeanor; and habitual offender. Appellant's bond was set at $75,000.  Appellant requested that his bond be reduced four separate times prior to trial; however, the trial court denied each request.  A bench trial was held on June 24, 2016.

Anthony Prewitt, an asset-protection associate, testified that he had observed appellant on camera take several movies and stuff them into two sacks that he had in his pocket.  He also had seen appellant take two lighters off an end cap and conceal them in his pocket.  After appellant walked past the last point of sale in the Garden Center, Prewitt and another asset-protection associate, Corey Garretson, approached appellant and identified themselves.  Prewitt testified that, at that point, appellant had put the movies down and charged at them.  Appellant later ended up falling, hitting a pole, and "busting his eye open." However, Prewitt explained that appellant had gotten up and charged again at Garretson,

---

[1]The packet was mailed to appellant by certified mail, and a return receipt indicates that delivery was accepted.

knocking Garretson down to the ground. Afterward, Officer Matthew Boyd arrived at the scene and placed appellant in handcuffs. Prewitt estimated that appellant had taken $300 in property.

Garretson testified that he was with Prewitt the day of the incident observing appellant on the store cameras. He explained that he had observed appellant take several items. Garretson further explained that he had been on the phone with the Conway Police Department when Prewitt and he approached appellant. Garretson testified that he had told the police dispatcher that appellant was trying to flee and that appellant was pushing him. At one point, appellant had grabbed his phone. However, Garretson was able to subsequently get his phone back, but appellant had pushed Garretson backwards to the ground. Appellant was eventually arrested by Officer Boyd outside the door.

Officer Boyd testified that he had heard the dispatcher call over the radio for an officer to assist in a suspected shoplifting incident. Officer Boyd explained that he had observed appellant push Garretson and run approximately twenty to thirty feet away from the door. Officer Boyd indicated that he had pursued appellant and had been able to take him into custody.

Crystal Griffin, appellant's wife, testified on appellant's behalf. She testified that appellant had experienced a traumatic-brain injury in the past and that his short-term memory and balance were impacted. She testified that appellant was not frequently left on his own because she "was scared he was going to do something stupid." She further testified that he would forget where he was.

SLIP OPINION

After all evidence was presented, the trial court found appellant guilty of robbery, theft of property less than $1000, and interference with emergency communication in the second degree and sentenced him to serve a total of 180 months in the Arkansas Department of Correction. This appeal followed.

Appellant's counsel explains that the only adverse rulings in this case were the convictions themselves and the denials from the requests for bond reduction. It is well settled that this court strictly construes Arkansas Rule of Criminal Procedure 33.1 (2016). *Grube v. State*, 2010 Ark. 171, 368 S.W.3d 58. In order to challenge the sufficiency of the evidence on appeal from a bench trial, Arkansas Rule of Criminal Procedure 33.1(b) requires that an appellant move for a dismissal at the close of all the evidence, stating the specific grounds therefor. *McCall v. State*, 2016 Ark. App. 300, 495 S.W.3d 91. A defendant's failure to challenge the sufficiency of the evidence at the time and in the manner specified in Rule 33.1(b) constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Ark. R. Crim. P. 33.1(c); *Hudson v. State*, 2014 Ark. App. 305. Because appellant failed to move for dismissal at the close of all evidence at trial, he has waived any argument pertaining to the sufficiency of the evidence to support his convictions. Therefore, any appeal challenging the sufficiency of the evidence would be wholly without merit.

Additionally, appellant made four separate pretrial requests for a bond reduction pending trial. However, the trial court denied each request, and there would be no merit to an appeal from those adverse rulings. Because we affirm appellant's convictions, the question of his pretrial bond is moot, and this court does not decide moot issues. *Davis v.*

*State*, 350 Ark. 22, 86 S.W.3d 872 (2002). Therefore, an appeal from those rulings would be wholly without merit. Thus, from our review of the record and the brief presented, we find that counsel has complied with the requirements of Rule 4–3(k) and hold that there is no merit to this appeal. Accordingly, counsel's motion to withdraw is granted, and appellant's convictions are affirmed.

Affirmed; motion to withdraw granted.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Files & Brasuell, PLLC*, by: *Toney B. Brasuell*, for appellant.

No response.