BRANDON J. HARRISON, Judge
Marlin Steen appeals his conviction for simultaneous possession of drugs and firearms, arguing that the circuit court erred in denying his motion for directed verdict. We hold that Steen's argument is not preserved and affirm.
In a criminal information filed 23 January 2017, Steen was charged with possession of a controlled substance (methamphetamine), possession of drug paraphernalia, and simultaneous possession *790 of drugs and firearms.[1] At a jury trial, Steen represented himself with standby defense counsel. At the close of the State's case, counsel and Steen made the following motions for directed verdict:
COUNSEL : Mr. Steen is asking that I make the motions for him, Your Honor. Your Honor, first of all with respect to the issue of the possession of meth, the State is required to prove that on November 28th, 2016, Mr. Steen possessed over two grams of meth. Mr. Steen argues that the State has failed to make a prima facie case that over
two grams of meth was recovered from his person or from his belongings and the State has failed to make a prima facie case on that.
THE COURT : Okay. Well, the testimony, if believed, of the State's witnesses establishes that over two grams of meth was located inside a bag inside of a truck that Mr. Steen was driving and he was stopped in, so the motion is denied.
....
COUNSEL : Let me back up a little bit. My first motion goes to the first two counts of simultaneous possession of drugs and firearms and possession of a controlled substance.
[Counsel moved for a directed verdict on the possession-of-drug-paraphernalia charge, and the State nolle prossed that charge.]
That takes care of that motion, Your Honor. That's all the motions I have.
THE COURT : Okay.
STEEN : Your Honor?
THE COURT : Yes.
STEEN : Can I file another motion, please?
THE COURT : What motion do you want to make, Mr. Steen?
STEEN : My motion is that my domicile is where I live on the road. I have a right to protect that. That's why the weapon or the revolver was inside my domicile. I have a Second Amendment constitutional right to bear arms while on-
THE COURT : Well, you may do so. ... But what does that mean? Does it mean you can violate the statutory law in doing so? I don't think it does. Reasonable restrictions can be put on possession of firearms by a state. One of the restrictions that the State of Arkansas has said is that you can't simultaneously possession [sic] a firearm with the drugs or controlled substances contrary to, in violation
of certain statutes, which includes possession of methamphetamine. The evidence, if I look at it most favorable to the State, is that these things were in close proximity in the same bag. So I think the motion has to be denied for that reason.
STEEN : Even though they were in two separate bags?
THE COURT : Well, that's-the evidence is-That may be in dispute. I haven't heard any testimony from you saying they were in two bags. I've heard testimony from officers saying they were in one bag.
STEEN : Okay.
At the close of the defense's case, the following motion was made:
COUNSEL : Your Honor, at this time, I would just like to make a record to renew my motion for directed verdict. Same argument that I made earlier, that the State has failed to prove that Mr. Steen had a sufficient quantity of *791 methamphetamine that would allow the jury to find him guilty of the charge-
THE COURT : Okay.
COUNSEL : -possession and simultaneous possession of drugs and alcohol, firearms.
THE COURT : When the Court reviews the evidence in the light that is most favorable to the State in making a ruling on a directed verdict motion, I'm required to deny the motion, and I so do. Anything else?
COUNSEL : No, sir.
PROSECUTOR : No, sir.
THE COURT : Very well.
No further motions were made. Steen was found guilty and sentenced to ten years' imprisonment for simultaneous possession of drugs and firearms and three years' imprisonment for possession of a controlled substance, to run concurrently. He has timely appealed his conviction.
Steen again argues that his eighteen-wheeler truck was his home on the road and that a statutory defense to the charge of simultaneous possession of drugs and firearms is that "the defendant was in his or her home and the firearm or other implement or weapon was not readily accessible for use." Ark. Code Ann. § 5-74-106(d) (Repl. 2016). We hold that this argument is not preserved for our review. Even assuming the argument was sufficiently articulated at the close of the State's case, Steen failed to renew this argument at the close of all the evidence. The only argument that was renewed was counsel's argument as to the sufficient quantity of methamphetamine.
To preserve for appeal any argument challenging the sufficiency of the evidence to support a jury verdict in a criminal case, the defendant must make a specific motion for a directed verdict of acquittal at the close of the evidence presented by the prosecution and again at the close of all of the evidence. Ark. R. Crim. P. 33.1(a) & (c) (2017). The motion must advise the circuit court of the exact element that the defendant contends the State has failed to prove. Rodriguez-Gonzalez v. State , 2014 Ark. App. 208. The failure to make the challenge at the times and in the manner required by the rule waives any question pertaining to the sufficiency of the evidence. Ark. R. Crim. P. 33.1(c).
Because Steen did not properly preserve his challenge to the sufficiency of the evidence presented against him, we affirm the conviction.
Affirmed.
Klappenbach and Brown, JJ., agree.

The State nolle prossed the possession-of-drug-paraphernalia charge.